IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS HILL, | : | |
| Plaintiff | : | Case No. 3: 05-CV-1724 |
| v. | : | |
| JOSEPH SMITH, Warden Lewisburg Pen., | : | |
| MR. STRATTA, Associate Warden, | : | (Judge McClure) |
| LT. HOOPER, MR. ADAMI, Unit Manager, JOHN DOE #1, C.O. JOHN DOE #2, C.O. JOHN DOE, Health Administrator, JOHN DOE, Physician Assistant. | : : | |
| Defendants. | : | |

FILED
WILLIAMSPORT, PA
AUG 25 2005
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**ORDER**

August 25, 2005

**BACKGROUND:**

On or about August 23, 2005, plaintiff Demetrius Hill initiated this action, pro se, by filing a Bivens action requesting money damages and equitable relief. Hill is currently incarcerated at the Lewisburg federal penitentiary and is awaiting

1

sentencing in the Eastern District of New York.[1] The defendants are employees of the Lewisburg penitentiary. In essence, Hill asserts the defendants have repeatedly assaulted him and threatened his life, in retaliation for his seeking redress through the administrative grievance and legal systems.

Contemporaneous with the filing of his complaint, Hill filed a motion for a temporary restraining order and a preliminary injunction which also contained a supporting memorandum of law (Rec. Doc. No. 2.), a proposed order (Rec. Doc. No. 4), and a "forma pauperis declaration" (Rec. Doc. No. 5).

Hill seeks a temporary restraining order and preliminary injunction causing Warden Smith to:

> (a) Immediately install cameras in G-Block stairwells and closet area so that there are no blind spots and prevent repeated assaults and or killings;
>
> (b) Ensure all C.O. in G-Block wear nametags;

---

[1] On the first page of his complaint Hill states that he is "pending sentence in the Eastern District of New York." Throughout the complaint, however, Hill states that he is pre-trial. He also states that he is "a pretrial prisoner not sentenced." (Rec. Doc. No. 1, at 6.)

Upon further investigation into the Eastern District of New York's electronic docket, the court is aware that a jury found Hill guilty on February 16, 2005 as to eleven counts of the superseding indictment in United States v. Hill, No. 2:02-CR-728 (E.D.N.Y.), a case before Judge Denis R. Hurley. Hill is currently awaiting sentencing.

      (c) Allow plaintiff to call his attorney, use the law library, have his legal material in his cell and treat plaintiff as a pre-trial detainee until he is sentenced;

      (d) Ventilate G-block cells and provide plaintiff with examination by facility doctor, sanitize and rid G-block of excessive roaches and mice.

(Rec. Doc. No. 2, at 1-2.)

**FACTS AS ALLEGED IN PLAINTIFF'S FILINGS:**

      Plaintiff asserts that he was transferred to Lewisburg as an act of retaliation for the "numerous and continuous administrative remedy complaints" he had written at the Metropolitan Detention Center in Brooklyn, New York. Next, Hill asserts that on July 22, 2005, his second day at Lewisburg, he requested to see a counselor and make a legal call to which John Doe #1 C.O., a.k.a. Rogy, brought Hill to the third floor of the penitentiary. Upon arriving at the third floor, Hill was in the presence of defendants Stratta, Adami, John Doe #1 C.O., and Lieutenant Hooper. At that time Stratta allegedly told plaintiff, "I hear you like to write complaints on staff and file suits, well welcome to Lewisburg you aint (sic) getten (sic) nothing so don't ask for nothing, no 9s, 10s, legal calls, social calls, visits nothing, down here we don't play that pen and paper shit you'r (sic) going to suffer till me or the warden you'v (sic) you'v suffered enough." (Rec. Doc. No. 1, at 3.) Hill asserts that on that same occasion Lieutenant Hooper told him he would not have access to

legal materials.

Hill goes on to assert that for a two-week period he was not given a change of underwear, socks, or t-shirt. When he did receive a change of clothes the underwear was allegedly ripped in the groin area and the socks contained holes. He also asserts that on two occasions during this time period he was provided a lunch tray with no food; that his cell was flooded with water for an entire day; that his cell lacks proper ventilation; and that there are excessive roaches and mice in the cells.

Hill suffers from asthma and he asserts that his asthma medication was thrown out by a John Doe,[2] and it took Hill two weeks to have the medication replaced. Hill asserts that John Doe #1 directed the physician's assistant to not assist him in his cell despite his wheezing, and his requests for a doctor. According to Hill, he went without asthma medication and medical examination for at least two whole weeks. Hill also asserts that the physician's assistant has refused to refill his medications from his prior place of detention because those medications are not in the Lewisburg formulary.

Hill states that John Doe #1 has continuously physically harassed him. First,

---

[2] It is difficult for the court to ascertain whether the hand-written complaint states that this defendant-actor is John Doe #1 or John Doe #2. (Rec. Doc. No. 2, at 3.) Hill asserts that none of the correctional officers in the G-Block wears his nametag.

Hill asserts that John Doe #1 attacked him the second time that Hill was allowed to go to recreation. At the time of the assault John Doe #1 allegedly stated, "if [Hill] ever wrote [John Doe #1] up or any of his boys he would take [Hill] in that closet and break [Hill's] fingers one by one." (Rec. Doc. No. 1, at 4.)

On another occasion, Hill asserts that John Doe #1 punched him in the ribs and spit in his face. On that occasion, John Doe #1 purportedly told Hill, "you think I don't know you wrote that BP9 and 8, I'm a kill you nigger first chance I get cause aint (sic) no cameras down here." (Rec. Doc. No. 1, at 4.)

The complaint then states that Hill spoke with Warden Smith on two occasions about his alleged mistreatment at the hands of prison employees and his denial of access to legal materials. On both occasions the warden allegedly stated "don't you think I know how you'r (sic) being treated, how do you think you got here, I agreed to have you here since you like to write complaints on staff cause I'm a break you here this is my private soft torture unit, and you won't get shit till I say so, so get used to it." (Rec. Doc. No. 1, at 5.)

Next, Hill asserts that John Doe #2 refused to take out his legal mail on three occasions and was directed to not provide Hill with legal mail.

Finally, Hill asserts that since his arrival at Lewisburg, defendant Adami has refused to allow Hill to call his attorney. Hill states he has been refused legal access

5

repeatedly. He is not allowed to go to the law library, and that he has had to ask Judge Hurley to forward letters to his attorney because he is without access to his attorney's address.

## DISCUSSION:

We will tentatively grant Hill's request to proceed in forma pauperis. (Rec. Doc. No. 5.) Hill is required to file with the court a certified copy of his inmate account statement from the facilities he was detained in for the 6-month period preceding the filing of the instant complaint.

As noted above, Hill asserts that he is under the threat of imminent harm because the employees of Lewisburg are retaliating for his use of the grievance and legal systems. Included with his complaint is a motion for a temporary restraining order and a preliminary injunction.

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. In order to obtain a temporary restraining order it must clearly appear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). See Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D. Pa. 1994).

Although we find the allegations in the complaint serious, it does not clearly

appear from Hill's affidavit that immediate and irreparable injury, loss, or damage will result to Hill if we refuse to grant a temporary restraining order. We believe that the more prudent course in this matter is to schedule a hearing on the motion for a preliminary injunction. In order to handle this matter expeditiously, the government is directed to file an opposing brief by the date of the hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The court shall hold a hearing on Hill's motion for a preliminary injunction at 10 A.M. on September 8, 2005 in Courtroom 3, Third Floor, 240 West Third Street, Williamsport, Pennsylvania.

2. The government is directed to file a brief in opposition to Hill's motion for a preliminary injunction by the date of the hearing.

3. Hill's motion for a temporary restraining order is denied.

4. Hill's request to proceed in forma pauperis is temporarily granted. (Rec. Doc. No. 5.) However, Hill still must file with the clerk a certified copy of his inmate account statement from the facilities he was detained in for the 6-month period preceding the filing of the instant complaint.

5. The U. S. Marshals Service is directed to serve a copy of the Complaint and Summons, as well as a copy of all other documents filed by Hill, upon the named defendants.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge